IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLINA STEEL & STONE, INC., ) <br> ) <br> Defendant. ) <br> _____) | CIVIL ACTION NO. <br> 03:07cv137 |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that the Defendant, Carolina Steel & Stone, Inc. ("Defendant"), subjected Nelson Quiñones to a hostile work environment on the basis of his national origin and/or race (Hispanic). The Commission further alleged that the Defendant discharged Mr. Quiñones in retaliation for his complaints about the hostile work environment. This Decree, being entered with the consent of the Commission and Defendant, shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission of liability by the Defendant or as a waiver by the Commission of any contentions of discrimination.

The Commission, and the Defendant, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation, and that this Consent Decree is a compromise of a disputed claim within the meaning of Rule 408 of the Federal Rules of Evidence.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of national origin or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Nelson Quinoñes the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Mr. Quinoñes. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Mr. Quinoñes at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Mr. Quinoñes.

5. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Mr. Quinoñes any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC

Charge Number 140-2005-08435 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

6. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute to each current employee a formal, written anti-discrimination policy, which includes but is not limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against harassment on the basis of a person's national origin, race and retaliation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of their facilities in North Carolina in a place where it is visible to employees, and shall address them in the Defendant's safety talks with its employees or otherwise ensure that each employee in the field has received a copy of the policy. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ten (10) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its

prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each annual training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its facilities and work sites. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A.    the identities of all individuals who, during the term of this Consent Decree, have (i) complained that they have been subjected to any discriminatory conduct prohibited by Title VII, in the workplace; (ii)

directly or indirectly opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964; and/or (iii) filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute. By way of identification this report shall include each person's name, address, telephone number, position, social security number, and the basis of their complaint. This provision applies to, but is not limited to, complaints of a hostile work environment and/or discrimination based on an employee or applicant's race and/or national origin in the workplace;

B. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

C. for each individual whose employment status has changed as identified in 10.B. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a report indicating no activity.

11. During the term of this Decree, the Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities and worksites, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation

to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate

.

Signed: September 30, 2008

Martin Reidinger
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
North Carolina Bar No. 19732
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507


/s/ Suzanne Lenahan Nyfeler
SUZANNE LENAHAN NYFELER
Senior Trial Attorney
Virginia Bar No. 40450
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 771-2215
Facsimile: (804) 771-2222 facsimile
Suzanne.nyfeler@eeoc.gov

FOR DEFENDANT, CAROLINA STEEL & STONE, INC. by:

| | |
|---|---|
| /s/ Robert J. Wishart | /s/ Timothy A. Davis |
| Robert J. Wishart, Esquire | President |
| North Carolina Bar No. 5900 | Carolina Steel & Stone, Inc. |
| Megan Sadler, Esquire | |
| North Carolina Bar No. | |
| Wishart Norris Henninger & Pittman, P.A. | |
| 6832 Morrison Boulevard | |
| Charlotte, North Carolina 28211 | |
| Bob.wishart@wnhplaw.com | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLINA STEEL & STONE, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br> 03:07cv137 |

**NOTICE**

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Carolina Steel & Stone, Inc., in a case of discrimination based on national origin and retaliation Specifically, the EEOC alleged that Carolina Steel & Stone, Inc. subjected Nelson Quinoñes to a hostile work environment because of his national origin and race and discharged Mr. Quinoñes because he opposed discrimination in violation of Title VII of the Civil Rights Act of 1964. Carolina Steel & Stone, Inc. has consistently denied these allegations. Moreover, the Commission is not disavowing any of the allegations made in this lawsuit.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on national origin.

3. Carolina Steel & Stone, Inc. will comply with such federal law in all respects. Furthermore, Carolina Steel & Stone, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2011.

Exhibit A